Hillsborough,
No. 4289.

ISABEL L. SULLIVAN, *Ex'x & a.*

*v.*

INDIAN HEAD NATIONAL BANK, *Ex'r.*

Argued October 5, 1954.

Decided October 29, 1954.

*Bolic A. Degasis* and *Albert Terrien* (*Mr. Terrien* orally), for the plaintiffs.

*Sullivan & Gregg* and *S. Robert Winer* (*Mr. Winer* orally), for the defendant.

LAMPRON, J. Revised Laws, chapter 355, section 28, provides that "whenever any one has a claim against the estate of a deceased person, which has not been prosecuted within the time limited by law, he may apply to the superior court, by petition setting forth all the facts, and if the court shall be of the opinion that justice and equity require it, and that the claimant is not chargeable with culpable neglect in not bringing his suit within the time limited by law, it may give him judgment for the amount due to him . . . . "

Whether "justice and equity" required the granting of plaintiffs' petition as well as the question of their being "chargeable with culpable neglect" are issues of fact to be determined by the Trial Court. *Libby* v. *Hutchinson,* 72 N. H. 190, 192; *Jaques* v. *Chandler,* 73 N. H. 376, 381; *Indian Head Bank* v. *Theriault,* 96 N. H. 23, 27. "Such a finding, if supported by any competent evidence, cannot be set aside except under such circumstances as would authorize the setting aside of the verdict of a jury as against the weight of the evidence . . . . " *Jaques* v. *Chandler, supra,* 382; *Wisutskie* v. *Malouin,* 88 N. H. 242, 246; *Gomes* v. *Roy,* 99 N. H. 233.

Defendant however takes the position that both claimants were chargeable with culpable neglect as a matter of law, that is, that the facts warranted no other reasonable conclusion. *Emerson's Sons* v. *Cloutman,* 88 N. H. 59, 62.

"Culpable neglect has been defined to be that which is censorious, faulty or blamable . . . It signifies a lack of due diligence . . . It is less than gross carelessness, but more than the failure to use ordinary care, it is culpable want of watchfulness and diligence, the unreasonable inattention and inactivity of 'creditors who slumber on their rights.' " *Mitchell* v. *Smith,* 90 N. H. 36, 38.

Isabel Sullivan retained Bolic A. Degasis, Esquire, on or about February 26, 1952. Marie Lucier retained him a few weeks later. She was ill and unable to discuss her claim with him from that date until early January, 1953, after counsel had been stricken with a serious illness which incapacitated him until after February 12, 1953. Although Isabel was available at all times and did give counsel "a barrel of information" her claim was connected with

that of her mother Marie as they and the deceased all lived together in the same home and for that reason counsel wanted to file the claims together. He was unable to act during the final month of the year allowed for demand. R. L., c. 355, s. 3. Their petition was filed February 26, 1953. The above facts are not such as to compel a finding of culpable neglect.

No evidence was offered relative to the validity or value of the plaintiffs' claims, and the Court ruled as requested by the defendant that the evidence submitted by plaintiffs relative to the validity or extent of their claim was insufficient to sustain their claim for relief and to entitle them to judgment under R. L., c. 355, s. 28. The Court however allowed plaintiffs "thirty days within which to amend their petition setting forth all the facts upon which their claims are based."

Plaintiffs maintain in their brief that "in the conference with the court, not taken down by the . . . stenographer . . . [they] asked to be permitted to amend their petition by adding a detailed specification, and it was understood that if the court found for the petitioners, counsel would be allowed to amend by adding a specification." This was denied by defendant's counsel in oral argument. *Gitchell* v. *Andover*, 59 N. H. 363, 364.

Although section 28 requires that a "petition setting forth all the facts" should be filed there is nothing in the record to show that the Trial Court abused its discretion in granting plaintiffs leave to amend whether a request therefor was made at the hearing or not. *Bacon* v. *Thompson*, 87 N. H. 270. See *Taylor* v. *Jewell*, 98 N. H. 331.

*Exceptions overruled.*

All concurred.